

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 15, 1975

The Honorable Chet Brooks
Chairman
Committee on Human Resources
Texas State Senate
Austin, Texas

Opinion No. H- 607.

Re: Constitutionality of
art. 4552-2.02, V. T. C. S.,
creating the Texas Optometry
Board.

Dear Senator Brooks:

In light of Gibson v. Berryhill, 411 U.S. 564 (1973) you have requested our opinion concerning the constitutionality of article 4552-2.02, V. T. C. S., which establishes the qualifications for members of the Texas Optometry Board. Article 4552-2.02 provides:

> To be qualified for appointment as a member of
> the board, a person must be a licensed optometrist
> who has been a resident of this state actually engaged
> in the practice of optometry in this state for the period
> of five years immediately preceding his appointment.
> A person is disqualified from appointment to the board
> if he is a member of the faculty of any college of optometry,
> if he is an agent of any wholesale optical company, or if he
> has a financial interest in any such college or company.
> At all times there shall be a minimum of two-thirds of
> the board who are members of a state optometric associ-
> ation which is recognized by and affiliated with the
> American Optometric Association. (Emphasis added. )

The Texas Optometry Board is therefore required by statute to have at least four members who are members of a state optometric associ- ation affiliated with the American Optometric Association, an association of optometrists in private practice on their own account. It is our understanding that there is only one such state optometric association in Texas, the Texas Optometric Association, and that optometrists who are employed by other persons or entities are not eligible for membership. If the facts are as we understand the Texas Optometry Board is therefore composed of at least four self-employed practitioners and no more than two who are employed by other persons or entities.

In Gibson v. Berryhill, supra, the United States Supreme Court dealt with the Alabama Board of Optometry, which was composed entirely of self-employed optometrists. The case concerned the Board's attempt to revoke the licenses of 13 optometrists employed by Lee Optical Company. The Supreme Court held that the composition of the Board precluded the defendants from receiving due process due to "possible personal interest," stating:

> It is sufficiently clear from our cases that those with substantial pecuniary interest in legal proceedings should not adjudicate these disputes. 411 U. S. at 579.

In Wall v. American Optometric Association, Inc. , 379 F. Supp. 175 (N. D. Georgia 1974), affirmed, 95 S. Ct. 166 (1974), a three judge court enjoined the Georgia State Board of Examiners in Optometry from enforcing its rules against optometrists who were not self-employed. "Every member of the [Board was] a member of a group which oppose[d] the continuation of the plaintiff's business. " The rules involved prohibited an optometrist from associating himself with a mercantile or business establishment or maintaining an office at which he is not present for a minimum of four hours per week. The court held that while the composition of the Board would deny the plaintiffs due process in an enforcement pro- ceeding the rules themselves were valid. In our view, these rules could not have been sustained were the Board's composition unconstitutional.

In Gibson and Wall it was the disciplinary proceedings which were held unconstitutional because of bias on the part of the Boards. Neither case intimated that the composition of the Boards was unconstitutional, and we believe a reasonable inference can be drawn from Wall, that the Georgia Board was not. It is therefore our opinion that the composition of the Texas Optometry Board is not unconstitutional under these cases. We are supported in this view by Texas Optometry Board v. Lee Vision Center, 515 S. W. 2d 380 (Tex. Civ. App. -- Eastland, 1974, writ ref'd n. r. e. ), in which the Board was held qualified to suspend "Advertising Permits. "

While the Board's composition in and of itself is not rendered unconstitutional by Gibson and Wall, those cases indicate that its authority to initiate certain disciplinary proceedings against some optometrists is questionable.   The present composition of the Board may result in its inability to afford due process in a disciplinary proceeding brought against an optometrist who is not self-employed.   Of course, whether due process was afforded would depend on the facts of the individual case.   Withrow v. Larkin, 43 U.S.L.W. 4459 (April 16, 1975).

<u>SUMMARY</u>

The statutory composition of the Texas Optometry Board is not unconstitutional under the doctrine of Gibson v. Berryhill, 411 U.S. 564 (1973).   The Board may be unable to afford due process in some disciplinary hearings brought against certain optometrists. Whether due process was afforded depends on the facts of the individual case.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb